IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00186-MR
CRIMINAL CASE NO. 1:18-cr-00063-MR-WCM-1

| | |
|---|---|
| MICHAEL JEROD THURMAN, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. [Doc. 1]. Also pending is Petitioner's Letter [Doc. 2], which the Court construes as a Motion to Appoint Counsel.

I.  BACKGROUND

Petitioner was charged in a six-count Indictment with offenses including one count possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Five), and one count of possessing, using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c) (Count Six).[1]  [Criminal Case No. 1:18-cr-00063-MR-WCM-1 ("CR"), Doc. 1].

Petitioner signed a written Plea Agreement in which he admitted to being guilty of Count Six and acknowledged: his minimum and maximum sentencing exposure; that the sentence had not yet been determined and an advisory guideline sentence would be calculated; that the sentence, up to the statutory maximum, would be determined at the Court's sole discretion; and that he would not be able to withdraw the plea as a result of the sentence imposed.  [CR Doc. 12 at 1-2].  Petitioner expressly agreed to waive his appellate and post-conviction rights except for claims of ineffective assistance of counsel and prosecutorial misconduct.  [Id. at 4].

A Rule 11 hearing was held before Magistrate Judge Dennis Howell on August 27, 2018.  [CR Doc. 26].  Petitioner stated that he and counsel had reviewed the Indictment and the Plea Agreement together.  [Id. at 5]. Judge Howell read aloud the Indictment and the statute to which Petitioner was pleading guilty, explained the elements of the offense, and advised Petitioner of his potential sentencing exposure.  [Id. at 5-8]. Petitioner stated that he understood the charges against him, including the maximum and

---

[1] Petitioner pleaded guilty as charged to Count Six in exchange for the Government's dismissal of the remaining counts.  [CR Doc. 12].

minimum penalties and the elements of the offense. [Id.]. Petitioner agreed that counsel had discussed the sentencing guidelines with him and that he understood the Court could impose any sentence within the statutory limits and that his sentence may be lower or higher than the guidelines range. [Id. at 10-11]. Petitioner stated that he understood that the plea would be binding even if the sentence was more severe than he expected. [Id. at 11]. Petitioner confirmed that by pleading guilty, he was waiving the right to plead not guilty, the right to have a speedy trial before a jury with the assistance of counsel, the right to summon witnesses to testify on his behalf, the right to confront witnesses against him, and the right to receive the presumption of innocence. [Id. at 12-13]. Petitioner further stated that his plea was freely and voluntarily entered with a full understanding of what he was doing, that he was not promised anything other than the promises contained in the Plea Agreement, and that he was not threatened to enter the plea agreement against his wishes. [Id. at 17]. Petitioner acknowledged that he knowingly and willingly accepted the Plea Agreement's limitation on the right to appeal and file post-conviction proceedings. [Id. at 19]. Petitioner confirmed that he had ample time to discuss possible defenses with counsel and was entirely satisfied with counsel's services. [Id. at 20].

In support of Petitioner's guilty plea, the parties submitted a written Factual Basis that sets forth the following information:

> On August 17, 2017, S/A Joseph Franze met with narcotics officers and a confidential informant (CI) at the Cleveland County Sheriff's Office (CCSO). The CI had previously made a purchase of cocaine from a man he knew as "Breeze," later identified as Michael THURMAN. The CI stated that he could also buy marijuana and a 9mm handgun from "Breeze."
> …
> On the afternoon of September 7, 2017, the CI … was utilized to make a purchase from THURMAN. The CI was given $1800 in CCSO buy money and again met the defendant at the Ingle's in Kings Mountain. This time, the CI purchases crack cocaine for $1300 and bought a handgun for $500. At a post-transaction debriefing, the CI said that the cocaine came from a container in THURMAN's lap and that more appeared to be there.
> …
> By his plea, the defendant is admitting that the September 7, 2017, sale of cocaine base and a firearm together facilitated the drug transaction and thus that the defendant's possession of the firearm was in furtherance of a drug trafficking offense for which he could be prosecuted in a court of the United States.

[CR Doc. 13 at 2].

Petitioner certified that the Factual Basis was true and accurate and that, if the matter had proceeded to trial, the Government would have been able to prove each of the statements in the Factual Basis beyond a reasonable doubt. [CR Doc. 16].

Petitioner was sentenced on January 3, 2019. At that hearing, he reaffirmed that his statements at the Rule 11 hearing were true and correct

4

and that he would answer the questions the same if asked again. [CR Doc. 24 at 4]. The Court imposed the statutory mandatory minimum sentence of 60 months' imprisonment followed by five years of supervised release. [CR Doc. 22]. The Judgment was entered on January 4, 2019. [Id.]. Petitioner did not appeal.

Petitioner filed the instant *pro se* Motion to Vacate pursuant to 28 U.S.C. § 2255 on May 11, 2020.[2] Petitioner argues that his § 924(c) conviction should be vacated pursuant to Davis v. United States, 139 S. Ct. 2319 (2019) and Simms v. United States, 914 F.3d 229 (4th Cir. 2019).[3]

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

---

[2] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

[3] Petitioner also notes that his § 924(c) conviction makes him ineligible for early release pursuant to 18 U.S.C. § 3621(e). His qualification for early release will not be considered in the instant matter because Petitioner has filed a Motion seeking such relief in the criminal case. [See CR Doc. 29].

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings …" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Title 18, Section 924(c) of the United States Code addresses individuals who, "during and relation to any crime of violence or drug trafficking crime… for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm…." 18 U.S.C. § 924(c)(1)(A). A "drug trafficking crime" means "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" is a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that *by its nature, involves a substantial risk that*

6

*physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924 (emphasis added). Section 924(c)(3)(A) is known as the "force clause" or "elements clause" and the italicized language in 924(c)(3)(B) is known as the residual clause. The United States Supreme Court in Davis and the Fourth Circuit in Simms have concluded that § 924(c)'s residual clause is unconstitutionally vague.

Petitioner's reliance on Davis and Simms is unavailing because those cases are factually inapplicable to Petitioner's case. The offense underlying Petitioner's § 924(c) conviction is the drug trafficking crime charged in Count Five and not a crime of violence. Count Five is a felony violation of the Controlled Substances Act and thus qualifies as a drug trafficking predicate for purposes of § 924(c). See, e.g., United States v. James, 834 F.2d 92, 92-93 (4th Cir. 1987) ("§ 924(c) by its terms unambiguously applies to a crime of possession with intent to distribute."). Petitioner's conviction in Count Six is therefore valid and has not been undermined by Davis or Simms. Petitioner's § 2255 Motion to Vacate will accordingly be denied.[4]

---

[4] The Court further notes that Petitioner's motion to vacate appears to be untimely. However, the Court declines to address § 2255's one-year statute of limitations *sua sponte*. See generally Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006) (in the state habeas context, "[a] statute of limitations defense … is not jurisdictional, hence courts are under no obligation to raise the time bar *sua sponte.*") (quotation omitted); see also Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002) (although a federal habeas court has the discretion to *sua sponte* dismiss a habeas petition for untimeliness, before doing so, it is required to give the petitioner notice and the opportunity to be heard).

Petitioner's Letter [Doc. 2] is construed as a Motion for the Appointment of Counsel and is denied as moot.[5]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[5] There is no constitutional right to the appointment of counsel in a § 2255 proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Further, the Court may appoint counsel to a financially eligible § 2255 petitioner if justice so requires. See 18 U.S.C. § 3006A(a)(2)(B). Petitioner has not stated any justification for the appointment of counsel besides his desire for representation and none is apparent on the record. Therefore, even if the Motion were not moot, it would be denied.

# ORDER

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate under 28 U.S.C. § 2255 [Doc. 1] is **DENIED**;

2. Petitioner's Letter [Doc. 2] is construed as a Motion to Appoint Counsel and is **DENIED AS MOOT**; and

3. The Court declines to issue a certificate of appealability.

   **IT IS SO ORDERED.**

Signed: July 21, 2020

Martin Reidinger
Chief United States District Judge